UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY L. STEVENSON, et al : <br> And On Behalf Of Our : <br> Daughter, LATRICE TIA STEVENSON : <br> : <br> Plaintiffs : <br> : <br> vs. : <br> : <br> LESLEE B. MCCREA : <br> : <br> and : <br> : <br> GEICO INSURANCE COMPANY : <br> : <br> Defendants : | Case No.: 1:06CV00642 <br> Judge Colleen Kollar-Kotelly <br> Deck Type: Personal Injury/Malpractice |

## NOTICE OF FILING OF LENGTHY EXHIBIT

Exhibit A, which is an attachment to Defendant's Memorandum in Support of Its Motion for Summary Judgment, exists only in paper format and is 15 pages or longer. It will be filed with the Clerk's Office in paper format.

I certify that within 24 hours of the filing of this Notice, I will file and serve paper copies of the document identified above.

April 18, 2006

                                                          _____/s/_____
                                                          Francis J. Ford   #13276
                                                          Attorney for Defendant GEICO
                                                          7700 Old Georgetown Road
                                                          Suite 520
                                                          Bethesda, Maryland   20814
                                                          (301) 279-2000
                                                          (301) 986-1808 (Fax)

Case 1:06-cv-00642-PLF     Document 5-2     Filed 04/20/2006     Page 2 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY L. STEVENSON, et al : <br> And On Behalf Of Our : <br> Daughter, LATRICE TIA STEVENSON : <br> : <br> Plaintiffs : <br> : <br> vs. : <br> : <br> LESLEE B. MCCREA : <br> : <br> and : <br> : <br> GEICO INSURANCE COMPANY : <br> : <br> Defendants : | Case No.: 1:06CV00642 <br> Judge Colleen Kollar-Kotelly <br> Deck Type: Personal Injury/Malpractice |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

\_\_\_\_\_1.   The Plaintiffs, appearing pro se, are claiming injuries and damages as a consequence of a motor vehicle accident that occurred on March 8, 2005 in the District of Columbia. (See Plaintiffs' Complaint)

2.   In addition to seeking damages against the Defendant, Leslee B. McCrea, Plaintiff is apparently seeking damages against the Defendant, GEICO Insurance Company, on the grounds that Ms. McCrea was insured with GEICO (See Plaintiffs' Complaint).

3.   The policy of insurance issued by Government Employees Insurance Company to the Defendant, Leslee McCrea, attached hereto as Exhibit "A", provides that no suit will lie against the insurer until the amount of the insured's obligation to pay has been finally determined; either

    (i)  By a final judgment against the *insured* after actual trial; or

    (ii)  By written agreement of the *insured*, the claimant and us.  (Exhibit "B" Page 5)

4.    Although the accident occurred in the District of Columbia, the policy of insurance upon which this action is based was issued to the insured, Leslee McCrea, in the State of Maryland.  (Exhibit "B").

                     FRANCIS J. FORD, P.A.

                     By: ___/s/_____
                          Francis J. Ford   #13276
                          Attorney for Defendant GEICO
                          7700 Old Georgetown Road
                          Suite 520
                          Bethesda, Maryland   20814
                          (301) 279-2000

UNITED STATES DISTRICT COURT     EXHIBIT "B"
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY L. STEVENSON, et al<br>And On Behalf Of Our<br>Daughter, LATRICE TIA STEVENSON<br><br>Plaintiffs<br><br>vs.<br><br>LESLEE B. MCCREA<br><br>and<br><br>GEICO INSURANCE COMPANY<br><br>Defendants | Case No.: 1:06CV00642<br>Judge Colleen Kollar-Kotelly<br>Deck Type: Personal Injury/Malpractice |

## **AFFIDAVIT**

_____**Libbie Durst**, being first duly sworn upon oath, deposes and states:

That she is employed as a Claims Examiner for Government Employees Insurance Company;

That heretofore a policy of automobile liability insurance was issued by Government Employees Insurance Company to Leslee B. McCrea;

That said policy bears Policy No. 2013523689 and was issued to Leslee B. McCrea in the State of Maryland;

That your Affiant has personal knowledge of the matters herein contained and is competent to testify to same.

**I do solemnly declare and affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing document are true and correct.**

DATED this 17th day of April, 2006.

_____/s/_____
Libbie Durst
Claims Examiner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TROY L. STEVENSON, et al | : | |
| And On Behalf Of Our | : | |
| Daughter, LATRICE TIA STEVENSON | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | Case No.: 1:06CV00642 |
| | : | Judge Colleen Kollar-Kotelly |
| LESLEE B. MCCREA | : | Deck Type: Personal Injury/Malpractice |
| | : | |
| and | : | |
| | : | |
| GEICO INSURANCE COMPANY | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

This matter arises out of a motor vehicle accident that occurred on March 8, 2005. At that time, the Plaintiff's decedent was a pedestrian on Benning Road, N.E. when she was struck by a motor vehicle operated by the Defendant, Leslee McCrea, a resident of Bowie, Maryland.

Plaintiffs are seeking damages for or on account of the death of their daughter, Latrice Tia Stevenson.

Although the accident occurred in the District of Columbia, the policy of insurance upon which this action is based was issued to the insured, Leslee McCrea, in the State of Maryland.

It is clear under Maryland law that an action cannot be maintained against an

automobile insurer until a judgment has been obtained by the Plaintiff against the insured tortfeasor.  *Gorman v. St. Paul Fire and Marine Insurance Company,* 210 Md. 1, 121 A.2d 812 (1956); *Magalski v. Maryland Casualty Co.,* 21 Md. App. 136, 318 A.2d 843 (1974); *Bean v. Allstate Insurance Co.,* 285 Md. 572, 403 A.2d 793 (1979).

The prevailing general rule, and the view followed in Maryland, is that the third party beneficiary doctrine is inapplicable and an injured party may not sue a tortfeasor's insurer directly unless he has first obtained a judgment against the tortfeasor.  *Magalski v. Maryland Casualty Co.,* 21 Md. App. 136, 144, 318 A.2d 843, 848 (1974), cert. denied. July 3, 1974; *Avila v. Travelers Insurance Co.,* 481 F. Supp. 431 (D.Cal.), *aff'd.,* 651 F.2d 658 (9th Cir. 1979).

It should further be noted that the insurance policy (Exhibit "A") contains a "no action" clause.  The policy provides in pertinent part as follows:

**CONDITIONS**

\* \* \* \* \*

4.  ACTION AGAINST GEICO

No suit will lie against us:

(a)  unless the *insured* has fully complied with all the policy's terms and conditions; and

(b)  until the amount of the *insured's* obligation to pay has been finally determined, either

(i)  by a final judgment against the *insured* after actual trial; or

      (ii) by written agreement of the *insured*, the claimant and us.

The amount of the insured's obligation, if any, to pay has not been finally determined, either by judgment against the insured or by written agreement by the insured, the claimant and the company. In *Belcher v. Government Employees Insurance Co.,* 282 Md. 718, 387 A.2d 770 (1978), the Maryland Court of Appeals addressed this issue. There, the Plaintiff, after being injured in an automobile accident, attempted to sue the wrongdoer, but was unable to obtain service since he had moved. The Plaintiff attempted to obtain jurisdiction through garnishment of the insurer. The Court of Appeals held that an attachment was improper since the duty to defend and indemnify are mere contingencies. Just as the Plaintiff in *Belcher* could not serve the insured by attaching a not-yet-accrued insurance obligation, the Plaintiff in the instant case cannot sue GEICO based on a not-yet-accrued obligation.

 Even if the law of the District of Columbia were to apply to the policy of insurance in question, it is submitted that no direct action by an injured claimant lies against a liability insurer. First of all, the contract of insurance clearly prohibits such and as noted by Judge Williams for the United States Court of Appeals, D.C. Cir., in the case of *Athridge, et al v. Aetna Casualty Insurety Co.,* 351 F.3d 1166 at page 1171:

> Second, there is at least a hint in District law of resistance to pre-judgment suits by the injured claimant against an insurer: In *Donaldson v. Home Indemnity Co.,* 165 A.2d 492 (D.C. 1960), the court rejected an insurer's claim preclusion theory where the tortfeasor had unsuccessfully litigated his indemnification right through a third-party claim in the plaintiff's suit against him. The Court said, without explanation, that the plaintiff

> "did not and could not bring the insurance company into the case." *Id.* at 493-94.

The Court there also noted that "the District (of Columbia Courts) commonly looks for guidance in the absence of its own precedents (to) Maryland law . . . ", page 1171.

Thus whether one views the issue as being controlled by Maryland law or District of Columbia law, it is respectfully submitted that in either event the contract of insurance precludes a direct action against the insurer by an injured claimant. The provisions of the contract are clear and unambiguous. As noted by the Court of Appeals in *Quadrangle Devel. Corp. v. Hartford Insurance,* 649 A.2d 1074 (D.C. App. 1994) at page 1075:

> Nevertheless, we are to give the words used in an insurance contract "their common, ordinary, and . . . 'popular' meaning." *Unkelsbee, supra,* 41 A.2d at 170. "The clear meaning will be adopted whether favorable to the insured or not." *Medical Serv. of District of Columbia v. Llewellyn,* 208 A.2d 734, 736 (D.C. 1965).

For the foregoing reasons, it is respectfully submitted that the Plaintiffs have no cause of action against the Defendant, Government Employees Insurance Company and is entitled to judgment as a matter of law.

Respectfully submitted,

FRANCIS J. FORD, P.A.

By: _____/s/_____
Francis J. Ford #13276
Attorney for Defendant GEICO
7700 Old Georgetown Road, Suite 520
Bethesda, Maryland  20814
(301) 279-2000

Case 1:06-cv-00642-PLF   Document 5-2   Filed 04/20/2006   Page 11 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TROY L. STEVENSON, et al : | |
| And On Behalf Of Our : | |
| Daughter, LATRICE TIA STEVENSON : | |
| : | |
| Plaintiffs : | |
| : | |
| vs. : | Case No.: 1:06CV00642 |
| : | Judge Colleen Kollar-Kotelly |
| LESLEE B. MCCREA : | Deck Type: Personal Injury/Malpractice |
| : | |
| and : | |
| : | |
| GEICO INSURANCE COMPANY : | |
| : | |
| Defendants : | |

## ORDER

Upon consideration of the Motion for Summary Judgment filed herein by the Defendant, Government Employees Insurance Company (GEICO Insurance Company), and any Opposition thereto, it is by the Court, this _____ day of _____, 2006;

ORDERED; that the Motion be, and the same hereby is, **granted** and judgment is entered on behalf of the Defendant, GEICO Insurance Company

_____
Judge

Copies to:

Troy L. Stevenson
1140 North Capitol Street, N. W. #815
Washington, D. C. 20002

James M. Brault, Esquire
101 South Washington Street
Rockville, Maryland 20850

Francis J. Ford, Esquire
7700 Old Georgetown Road, #520
Bethesda, Maryland 20814