UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TROY L. STEVENSON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-0632 (PLF) |
| DINA BLUHM, et al., | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| TROY L. STEVENSON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-0642 (PLF) |
| LESLEE MCREA, | ) | |
| Defendant. | ) | |

ORDER

      This matter is before the Court upon consideration of plaintiff Troy L. Stevenson's application to proceed *in forma pauperis* and motion for appointment of counsel. Plaintiff is a *pro se* litigant who has also brought suit in two separate actions. On April 14, 2006, Mr. Stevenson filed a motion for appointment of counsel in Civil Action Number 06-0642. The Court held a meet and confer conference in both cases on May 4, 2006, at which time Mr. Stevenson indicated that he intended the motion for appointment of counsel to apply to both

lawsuits[1]. The Court accepted Mr. Stevenson's representation that the motion for appointment of counsel was intended to apply to both cases, and will consider it with respect to both cases. The Court further instructed Mr. Stevenson at that time to complete an application to proceed *in forma pauperis* in these cases, setting forth the particulars of his finances. Mr. Stevenson completed and filed his applications to proceed *in forma pauperis* on that same day. Due to his limited knowledge of the law, his disability (blindness), and his now apparent inability to afford counsel, Plaintiff moves for appointment of counsel to represent him in these actions.

      Plaintiffs in civil cases generally have no constitutional or statutory right to counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3rd Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the Court is authorized to appoint counsel, but generally is not obliged to do so. In deciding whether to appoint counsel, the Court should consider:

    a.    the nature and complexity of the action;

    b.    the potential merit of the *pro se* party's claims;

    c.    the demonstrated inability of the *pro se* party to retain counsel by other means; and

    d.    the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel.

LCvR 83.11(b)(3). Having considered these factors, and plaintiff's applications, the Court will grant plaintiff's motion.

---

[1] While the facts at issue in each lawsuit are unrelated and will not be consolidated for purposes of trial, the parties agreed at the status conference that for convenience of the *pro se* plaintiff, the pretrial scheduling and discovery matters in these cases would be conducted together.

Accordingly, it is hereby

ORDERED that plaintiff's motions for leave to proceed in forma pauperis [8, 9] is GRANTED with respect to both cases; it is

FURTHER ORDERED that plaintiff's motion for appointment of counsel [3] in Civil Action No. 06-0642 is GRANTED; it is

FURTHER ORDERED that plaintiff's motion for appointment of counsel in Civil Action No. 06-0642 shall also be filed on the docket of Civil Action No. 06-0632 and GRANTED; and it is

FURTHER ORDERED that the Clerk of Court shall appoint one counsel from the Civil Pro Bono Panel pursuant to Local Civil Rule 83.11 to represent plaintiff in both of these actions.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 19, 2006