**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TROY L. STEVENSON, *et al.*,<br><br>                                    Plaintiffs,<br><br>- vs -<br><br>DINA BLUHM AND G.E.I.C.O.,<br><br>                                    Defendants. | **Consolidated Cases**<br><br>Civil Action No.:<br>06-632 (PLF) |
| TROY L. STEVENSON, *et al.*, ON BEHALF<br>OF OUR DAUGHTER LATRICE TIA STEVENSON,<br><br>                                    Plaintiffs,<br><br>- vs -<br><br>LESLEE B. MCREA,<br><br>                                    Defendant. | Civil Action No.:<br>06-642 (PLF) |

**JOINT RULE 16.3 REPORT FOR CIVIL ACTION NO. 06-642**

Pursuant to Rule 16.3 and the Court's instructions at the June 28, 2006 Status Conference, Plaintiffs, Troy L. Stevenson and Diane Middleton, on Behalf of Our Daughter Latrice Tia Stevenson (together "Plaintiffs") and Defendant, Leslee B. McRea ("Defendant"), by counsel, have conferred and submit the following joint report:

1.    The parties agree that any new parties shall be named within forty-five (45) days of the date of entry of a Scheduling Order.

2.    The parties believe that there is a realistic possibility of settling the case. To that end, the parties agree that the case could benefit from the Court's Alternative Dispute procedures immediately. The parties specifically request mediation before the Hon. John M. Facciola as

10041982.2

soon as Judge Facciola's schedule allows.  The parties have agreed to voluntarily exchange information to facilitate mediation efforts.

3.     The parties agree that discovery should be stayed pending prompt mediation of this case.  If mediation is unsuccessful, the parties agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  At this time, the parties do not believe that a protective order is necessary, nor do they believe that any limits are necessary.

4.     The parties agree to attempt to complete all discovery within seven (7) months after a determination is made that mediation has failed.  The parties expect that there may be delays in obtaining discovery from third parties.  For this reason, the parties have agreed that they may proceed with discovery from third parties pending mediation.  If, however, the parties encounter delays in third-party discovery, and an extension of the discovery cut-off becomes necessary, the parties will promptly advise the Court of this fact and seek a modification of the Scheduling Order.

5.     The parties do <u>not</u> dispense with the initial disclosures required by Rule 26(a)(1).  If mediation is unsuccessful, then the parties agree that the initial disclosures be made ten (10) days after a determination is made that mediation has failed.

6.     The parties agree that the requirements of Fed.R.Civ.P. 26(a)(2) should not be modified.  The parties agree that expert witness disclosure should proceed as follows:

| | |
|---|---|
| Plaintiffs' Expert Disclosures | 60 days after a determination is made that mediation has failed. |
| Defendant's Expert Disclosures | 60 days after the due date of Plaintiffs' Expert Disclosures. |

The parties agree that any depositions of experts should occur following production of the

10041982.2

expert witness reports.

7. The parties agree that the pretrial conference should be held 45 days after the close of discovery or such other time as the Court deems appropriate to allow for the filing of pretrial orders in advance of the pretrial conference.

8. The parties agree that the Court should set a firm trial date at the pretrial conference.

9. The defendant reserves the right to move to bifurcate the trial on the issues of liability and damages.

Dated: July 13, 2006                            Respectfully submitted,

                                            _____/s/_____
                                            Leslie Paul Machado (Bar No. 472395)
John W. Bramlette (*admitted pro hac vice*)
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington D.C.  20004
(202) 585-8000 (phone)
(202) 585-8080 (facsimile)
lmachado@nixonpeabody.com
jbramlette@nixonpeabody.com
*Counsel for Plaintiffs Troy L. Stevenson and Diane Middleton*

                                            _____/s/_____
James S. Wilson (Bar. No. 231191)
James M. Brault (Bar No. 413657)
Brault Graham LLC
101 S. Washington Street
Rockville, MD  20850
(301) 424-1060 (phone)
(301) 424-7991 (facsimile)
jmbrault@braultgraham.com
*Counsel for Defendant Leslee B. McRea*

10041982.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2006, I caused a copy of the foregoing document to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

> James S. Wilson, Esq.
> James M. Brault, Esq.
> Brault Graham LLC
> 101 S. Washington Street
> Rockville, MD  20850

            _____/s/_____
            Leslie Paul Machado

10041982.2